## Staunton

RALPH WALTER MCDANIEL, ET AL., ETC., ET AL. v. COMMONWEALTH OF VIRGINIA.

September 6, 1957.

Record No. 4702.

Present, All the Justices.

The opinion states the case.

*Oscar L. Shewmake (John C. Goddin; Shewmake, Gary, Goddin & Blackwell,* on brief), for the appellants.

*R. D. McIlwaine, III, Assistant Attorney General (J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

*David J. Mays; Henry T. Wickham; Tucker, Mays, Moore & Reed,* on brief, for Virginia Movers' and Warehousemen's Association, *amicus curiae.*

HUDGINS, C. J., delivered the opinion of the court.

Ralph Walter McDaniel and Albert Lee Thomas, trading as McDaniel Transfer Company, the holder of certificate of convenience and necessity No. HG-52 to transport household goods, and Fawley Motor Lines, Incorporated, filed with the State Corporation Commission their joint application for transfer of the said certificates to the Fawley Motor Lines, Incorporated. Upon its appearing to the Commission that applicants had taken proper steps to bring the application for the transfer of the certificate to its attention, the Commission set the case for hearing on October 16, 1956. It ordered the applicants to cause notice to be published in the newspapers of the city of Harrisonburg and town of Broadway, and served upon the persons designated by law. On the date set for hearing, no one appeared in opposition to the transfer.

D. W. Fawley, president of Fawley Motor Lines, Incorporated, testified that his company had been engaged in the motor vehicle transportation business since 1917; that it had agreed, subject to the approval of the Commission, to purchase certificate No. HG-52 from McDaniel Transfer Company; that his company's equipment had been approved by the State Highway Commission, and that it proposed to adopt the present tariffs of the McDaniel Transfer Company then on file with the Commission and to conduct operations under the certificate in conformity with the rules and regulations of the Commission, if the requested transfer received the Commission's approval.

The evidence also shows that during the past ten years there has been a substantial increase in population and business in the city of Harrisonburg and the county of Rockingham, and that the proposed transferee desired to purchase all the rights of the then holder of the certificate.

At the conclusion of the testimony the presiding officer of the Commission stated from the bench that "the application is granted as applied for." However, the Commission's final order is not in accord with this statement. That order, subsequently entered on October 16, 1956, is as follows:

"From the testimony before the Commission, it appears that the public convenience and necessity requires the services of a household goods carrier between the City of Harrisonburg and Rockingham County on the one hand and all points in Virginia on the other hand and the transfer of the certificate is proper.

"IT IS, THEREFORE, ORDERED, That the transfer of the cer-

tificate is approved upon the filing of proper insurance and upon the adoption of tariffs or the publication of new tariffs as required by Chapter 12.1, Title 56, Code of Virginia.

"IT IS FURTHER ORDERED, That a new certificate of convenience and necessity for the transportation of household goods by motor vehicle between the City of Harrisonburg and the County of Rockingham on the one hand and all points in Virginia on the other hand be issued to Fawley Motor Lines, Incorporated, and that certificate HG-52 be cancelled upon the issuance of a new certificate."

From this order applicants appeal.

The holder of the old certificate, No. HG-52, was authorized to "engage in the business of a household goods carrier * * * over regular and irregular routes between all points within this State." Code, § 56-338.8. Under the Commission's order, the new certificate authorizes the transferee to transport household goods only to, and from, a definite point, that is, "between the City of Harrisonburg and the County of Rockingham on the one hand and all points in Virginia on the other hand."

Appellants contend that on the evidence presented, the Commission had no power to suspend, revoke, alter or amend the old certificate and issue a new certificate therefor, limiting and restricting the operations of the transferee to, and from, a definite point in the Commonwealth.

The same issue was before this Court in *Cook Transfer* v. *Commonwealth*, 196 Va. 384, 83 S. E. 2d 733. The facts in that case were that Cook Transfer, with its principal office in Covington, Virginia, held a certificate of convenience and necessity to transport by motor vehicle, as a household goods carrier, household goods between any and all points within the Commonwealth. Cook Transfer, the transferor, and the Greyvan Storage of Virginia, the transferee, with its principal office in Richmond, filed an application, similar to the one filed in this case, requesting the Commission to approve the transfer. The Commission made the same disposition of that case which it did of this; that is, it cancelled the old certificate and issued a new certificate altering and amending the old certificate by limiting and restricting the operations of the transferee between Covington and all points in Virginia. We held that the Commission exceeded its power in cancelling the old certificate and issuing a new certificate restricting the transferee's operations to, and from, a definite point,

reversed its order and remanded the case for the entry of a final order in accordance with the views expressed in the opinion.

The Commission in its opinion, and in the brief filed in its behalf in this Court, argues that the decision in the *Cook* case is not controlling in this case because an amendment of Code, § 56-338.14, made in 1956, changed the statutory law applied in that case.

The original statute, construed in the *Cook* case, reads as follows:

"Any such certificate may be transferred or leased subject to the approval of the Commission, and under such reasonable rules and regulations as may be prescribed by the Commission. The application shall be made jointly by the transferor and transferee, seller and purchaser, or assignor and assignee, or lessor and lessee."

The statute as amended in 1956, with the added words italicized, is as follows:

"Any such certificate may be transferred or leased *if the Commission after a public hearing shall find the proposed transfer or lease justified by public convenience and necessity*, and under such reasonable rules, regulations, *and restrictions* as may be prescribed by the Commission. The application shall be made jointly by the transferor and transferee, seller and purchaser, or assignor and assignee, or lessor and lessee."

This section, before the amendment, was section 7 of chapter 532 of the Acts of 1948, which chapter defines "Household Goods Carriers" and provides for their regulation, supervision, control, etc. The Act is codified in the 1950 Code as sections 56-338.1 through 56-338.18, and deals exclusively with "Household Goods Carriers." Such carriers are defined in Code, § 56-338.1(e) as follows:

" 'Household goods carrier' means any person who or which undertakes whether directly or by a lease or other arrangement, to transport 'household goods', as hereinafter defined, by motor vehicle for compensation, on any highway in this State, between two or more points in this State, whether over regular or irregular routes."

Code, § 56-338.8 provides: "No person, not herein exempted, shall engage in motor vehicle transportation of household goods, as herein defined, for compensation on any highway within the State, unless and until he has obtained from the Commission a certificate of public convenience and necessity as a household goods carrier. Such certificate *shall authorize* the holder to engage in the business of a household goods carrier, as herein defined, *over regular and irregular routes between all points within this State and,* subject to approval

of vehicles by the State Highway Commission as provided by § 56-338.9, *on all of the highways of this State.*" (Italics added).

The Commission held and in its brief contended in the *Cook* case that the foregoing section was modified by § 56-338.11, under which the legislature had delegated to it the power, on an original application, to limit and restrict the scope of operations of a household goods carrier to, and from, a definite point in the State. That section reads as follows: "*Hearing and determination.*—Upon the filing of an application for a certificate of public convenience and necessity as a household goods carrier, the Commission shall, within a reasonable time, fix a time and place of hearing of such application. If the Commission shall find the proposed operation justified by public convenience and necessity, it shall issue a certificate to the applicant, subject to such terms, limitations and restrictions as the Commission may deem proper. If the Commission shall find the proposed operation not justified, the application shall be denied."

We rejected this contention of the Commission in the following language:

"It is held by the Commission in its written opinion which has been adopted by the Commonwealth as the major part of its brief, that this clear provision as to the scope of the certificate is qualified by § 56-338.11, authorizing the initial issuance of a certificate. Since this section provides in part, '* * * If the Commission shall find the proposed operation justified by public convenience and necessity, it shall issue a certificate to the applicant, subject to such terms, limitations and restrictions as the Commission may deem proper. * * *', it is argued that the Commission can place in an original certificate any reasonable 'limitations and restrictions' it deems proper, including a restriction as to point of origin. It is further contended that as § 56-338.14, which authorizes the transfer of a certificate, provides 'any such certificate may be transferred or leased subject to the approval of the Commission, and under such reasonable rules and regulations as may be prescribed by the Commission', that the two sections read together impliedly give the Commission the right to issue a new certificate to a transferee and to place reasonable limitations and restrictions therein which were not incorporated in the original certificate. We cannot agree with either conclusion.

"* * * The Act, as we have shown, does not require a point of origin to be specified therein and, in our opinion, no such designation is contemplated by the Act. The Commission is not concerned with

the route or routes to be employed by household goods carriers. The legislature has specified that 'such certificate shall authorize the holder to engage in the business \* \* \* between *all points* within this State and \* \* \* on *all* of the highways of this State.' (Italics supplied)." 196 Va., at page 388.

Appellants applied for the transfer of an unrestricted and unlimited certificate of public convenience and necessity as a household goods carrier. We agree with the Commission that the evidence in this case "made a case similar to the case of *Cook Transfer* v. *Commonwealth*," but we do not agree with the Commission's conclusion that the 1956 amendment of Code, § 56-338.14 so changed the statute as to give it the power to alter and amend the original certificate, No. HG-52, by limiting and restricting the transferee's operations to, and from, a definite point.

The general rule is that in the construction of a statute the court will look to the whole body of the Act to determine the true intention of each part. All of its parts must be examined so as to make it harmonious if possible. *Mason and Dixon Lines* v. *Commonwealth*, 185 Va. 877, 41 S. E. 2d 16; 17 Michie's Jur., Statutes, § 41, p. 207.

Code, § 56-338.12 provides that: "Certificates issued pursuant to this chapter shall be effective from the dates specified therein and shall remain in effect until terminated as herein provided." It then states the conditions upon the violation of which the Commission may impose a fine, or suspend, revoke, alter or amend the certificate, and concludes: "No such certificate shall be suspended, revoked, altered or amended for any cause not stated in this section."

It is not charged that the holder of certificate No. HG-52 violated any of the conditions stated in the statute. However, if the order of the Commission stands the certificate would be materially altered and amended, which would be in violation of the statute and contrary to our previous construction of the whole Act, as stated in the *Cook* case, thus:

"The nature of the business transacted by a household goods carrier and the wording of the Act negative the Commission's right to specify a point of origin as was done in the instant case. As stated, the Act provides that such carrier may operate between *all points* in this State and over *all* of the highways of the State. Such phraseology does not contemplate a point of origin. If it be mandatory that a point of origin be required, it would be necessary for every hamlet in Virginia to have a certificated household goods carrier lo-

cated therein, with the hamlet designated as the point of origin. Even this would not answer the needs of citizens living in remote rural sections; such citizens would have no choice except to use the services of unregulated carriers who 'occasionally or infrequently' engage in the transportation of household goods and are exempted from the operation of the Act under subsection (d) of § 56-338.2." 196 Va., at page 392.

Code, § 56-338.6 provides that the Act dealing with household goods carriers shall be controlling, and "no laws in conflict herewith, or inconsistent herewith, shall have any application to such carriers." No certificate is required of a person who desires to serve only local needs of any city or town in the Commonwealth, or to infrequent transfers of household goods to any lesser distance than thirty miles. Code, § 56-338.2. The Act as a whole is designed to permit the holder of a certificate as a household goods carrier, to transfer the property defined, by motor vehicle for compensation, on any highway and between all points in the State.

The amendment in question did change the existing law relating to the transfer of a certificate under the Household Goods Carriers Act. The statute, without the amendment, gave the Commission power to approve the transfer of such certificate under such reasonable rules and regulations as the Commission might prescribe. It did not require a public hearing on the application for a proposed transfer or that the proposed transfer must be ascertained to be justified by public convenience and necessity. The amendment provides that a certificate may be transferred only after, (1) a public hearing, and (2) after a finding by the Commission that the proposed transfer is justified by public convenience and necessity. There is nothing in the title to the amendment or in the amendment itself to indicate a legislative intent to delegate to the Commission the power to restrict or limit an unrestricted and unlimited certificate of convenience and necessity of a household goods carrier to, and from, a definite point.

Code, § 56-338.14, as amended, is couched in substantially the language of Code, § 56-338.11, applicable to original applications for certificates of public convenience and necessity as household goods carriers. The latter section requires the Commission to hold a public hearing on an original application for a certificate of public convenience and necessity and provides: "If the Commission shall find the proposed operation justified by public convenience and necessity, it shall issue a certificate to the applicant, subject to such terms, lim-

itations and restrictions as the Commission may deem proper." And Code, § 56-338.14, as amended, relating to the transfer or lease of such certificate, provides that, "Any such certificate [an original certificate] may be transferred or leased if the Commission after a public hearing shall find the proposed transfer or lease justified by public convenience and necessity, and under such reasonable rules, regulations, and restrictions as may be prescribed by the Commission." Thus, the provisions of the Act requiring a public hearing and a finding by the Commission that the application is justified by public convenience and necessity were formerly applicable only to an original application for a certificate of convenience and necessity. The 1956 amendment of Code, § 56-338.14 makes such provisions applicable to the transfer of such certificate. Likewise, the notice required on the hearing of an application to transfer a certificate is the same as that required on an original application.

The language of Code, § 56-338.11 was construed in the *Cook* case, *supra*, where we expressly held that it gave the Commission no authority to limit or restrict an original certificate to, and from, a definite point within the State. The legislature is presumed and deemed by the courts to have used the language under consideration in its judicially established meaning in the absence of anything to indicate a different intention. *Richmond* v. *Sutherland*, 114 Va. 688, 77 S. E. 470; 17 Michie's Jur., Statutes, § 86, p. 350. This presumption is conclusive "where the object to which the words are applied, or the connection in which it stands, does not require it to be differently understood in the two statutes, or where a contrary intention of the legislature is not made clear by other qualifying or explanatory terms." 50 Am. Jur., Statutes, § 322, p. 314. See also, *Noblin* v. *Randolph Corp.*, 180 Va. 345, 23 S. E. 2d 209; *Sykes* v. *Stone & Webster Engineering Corp.*, 186 Va. 116, 41 S. E. 2d 469; *Masters* v. *Hart*, 189 Va. 969, 55 S. E. 2d 205.

To hold as the Commission contends would result in irreconcilable conflict in the meaning of the same language used in different sections of the same Act. The construction resulting in no conflict should be adopted where a statute lends itself to two constructions, one of which will result in irreconcilable conflict between its provisions and the other will result in no conflict. *Ebbert* v. *Tucker*, 123 W. Va. 385, 15 S. E. 2d 583; 17 Michie's Jur., Statutes, §§ 80, 86 and 87, pp. 343, 350 and 351.

Inasmuch as we have decided that the written order of the Com-

mission is erroneous and must be reversed, it is unnecessary to discuss appellant's second contention, namely, that the verbal opinion of the Commission announced at the conclusion of the evidence is in conflict with its written order.

The Commission erred in its refusal to transfer certificate No. HG-52 to Fawley Motor Lines, Incorporated, as requested by appellants. Therefore, the order entered on October 16, 1956 is reversed and annulled, and the case remanded to the Commission for the entry of a final order in accordance with the principles herein expressed.

*Reversed and remanded.*