BROOKS TRANSFER AND STORAGE COMPANY, INC., ET AL.

v.

CLIFTON D. TURNER, ET AL.

January 11, 1980.

Record No. 790902.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Paul M. Shuford (Mark E. Rubin,* on brief), for appellants.

*Calvin F. Major; Edward C. Tosh (Lewis S. Minter; Denton C. Roberts; Goddin, Major, Schubert & Hyman,* on briefs), for appellees.

PER CURIAM.

By order entered March 1, 1979, the State Corporation Commission approved an application to transfer a household goods carrier's certificate of public convenience and necessity held by Clifton D. Turner (Turner) to Rick's Movers, Inc. (Rick's). We consider two issues raised on appeal by seven protesting carriers* (the protestants).

■ Turner, who had operated under his certificate for 15 years, testified that he "had a heart attack and. . .just couldn't look after" his business. He terminated operations in July 1978 and later contracted to sell his certificate to Rick's. On January 2, 1979, the contracting parties filed their application for approval of the transfer pursuant to Code § 56-338.14. Applying the presumption of continuance of public convenience and necessity and the burden of proof rule expounded in *Park Bros.* v. *S & M Systems Corp.,* 216 Va. 322, 218 S.E.2d 441 (1975), the Commission approved the application upon a finding that Rick's " 'is fit, has the capability and will furnish adequate and proper service' " and that the protestants had failed to show " 'ruinous or unreasonable competition, or that the transfer will not serve the public convenience and necessity' ", quoting 216 Va. at 326, 218 S.E.2d at 444.

First, the protestants argue that the Commission erred in applying *Park Bros.* to the case at bar because, they assert, the presumption "is rebutted and disappears" in the face of evidence that Turner had terminated operations under his certificate some six months before the transfer application was filed. In *Cavalier Corp.* v. *Diamond Transfer,* 220 Va. 651, 261 S.E.2d 314 (1979), this day decided, we rejected a similar argument based on facts essentially the same as those at bar; our decision there is controlling here.

■ Next, the seven Richmond-based protestants contend that the *Park Bros.* presumption of continuance of public convenience and necessity should not be applied "save in cases involving a request to transfer an 'active' certificate to another carrier in the same area." Turner's base of operations was in Radford, and Rick's is in Richmond. "Assuming a continuing need for this certificate," the protestants reason that "the need could only have been in Radford."

---

* Brooks Transfer and Storage Co., Inc.; Centre Carriers Corp.; M. W. Cosby Co., Inc.; Cosby Transfer and Storage Corp.; Heflebower Transfer and Storage, Inc.; Lee Moving Incorporated of Hopewell; J. C. Shelburne Transfer and Storage Corp.

The Household Goods Carriers Act "does not require a point of origin to be specified [in a certificate] and, in our opinion, no such designation is contemplated by the Act." *Cook Transfer* v. *Commonwealth,* 196 Va. 384, 389, 83 S.E.2d 733, 736 (1954); *accord, Fawley Motor Lines* v. *Commonwealth,* 199 Va. 624, 101 S.E.2d 510 (1958); *McDaniel* v. *Commonwealth,* 199 Va. 287, 99 S.E.2d 623 (1957). As the Commission notes on brief, "[a] certificated carrier. . . is allowed to transfer [its] base of operations, or to establish branch offices at will without additional authority from the State Corporation Commission". If the Commission is not limited to a particular locality in determining the public convenience and necessity underlying the issuance of a certificate, the *Park Bros.* presumption of continuance which springs from that determination is not so limited.

Finding no error below, we will affirm the Commission's order.

*Affirmed.*