## Richmond

### Cavalier Storage Corporation, et al.
### v.
### Diamond Transfer and Storage, Inc., et al.

January 11, 1980.

Record No. 791026.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Meredith A. House* (*Christian, House, Benedetti & Lubman,* on brief), for appellants.

*Thomas M. Haskins; Edward C. Tosh* (*Lewis S. Minter; Alberi & Haskins, P.C.,* on briefs), for appellees.

PER CURIAM.

This is an appeal by eighteen household goods carriers\* (collectively, Cavalier) from an order, entered by the State Corporation Commission on March 15, 1979, approving an application to transfer a certificate of public convenience and necessity held by Diamond Transfer and Storage, Inc. (Diamond), to Al's Transfer Company, Inc.

Code § 56-338.14 provides that a household goods carrier's certificate may be transferred "if the Commission after a public hearing shall find the proposed transfer. . .justified by public convenience and necessity". In *Park Bros.* v. *S & M Systems Corp.,* 216 Va. 322, 326, 218 S.E.2d 441, 444 (1975), we held that applicants for such a transfer

"need only show that the transferee is fit, has the capability and will furnish adequate and proper service under the transfer

---

\* Cavalier Storage Corp.; ABCO Moving and Storage, Inc.; Academy Van & Storage Co., Inc.; Admiral Storage & Transfer Corp.; All Points Moving & Storage, Inc.; Brooks Transfer & Storage Co., Inc.; Empire Storage & Van Corp.; Guardian Storage & Van Corp.; Harrison's Moving & Storage Co., Inc.; International Movers, Inc.; Nester Transfer, Inc. of Virginia; New Bell Storage Corp.; Republic Portsmouth Storage Corp.; Robin Van & Storage, Inc.; Security Storage & Van Co. of Norfolk, Virginia, Inc.; Virginia Transfer & Storage Co.; Simpson Transfer & Storage Corp.; A. J. Beninato & Sons, Inc.

certificate. The existing certificate carries with it a legislative declaration and a prima facie presumption that it does serve the public convenience and necessity, and the burden is on a protestant to a transfer to show ruinous or unreasonable competition, or that the transfer will not serve the public convenience and necessity."

Invoking the "presumption of continuance" and the burden of proof rule expounded in that case, the Commission held that Cavalier had failed to carry its burden, made the finding required by the statute, and approved the application for transfer. Cavalier contends that the Commission assigned the burden to the wrong party because, it says, the "presumption of continuance" is inapplicable where, as here, the transferor has ceased operations under the certificate.

■ On March 10, 1978, nearly a year before the transfer application was filed, Diamond lost all its assets except the certificate when the Small Business Administration foreclosed on a loan. During its last year of operation, Diamond had earned gross receipts of approximately $200,000; the business failed not from a lack of customer demand but from a "cash flow problem". Cavalier argues that "when the business operation ceases, then the presumption of the continuance of public convenience and necessity originating with the original issuance of the certificate also ceases" and that applicants for transfer of that certificate bear the burden of establishing public convenience and necessity. We disagree.

The law presumes generally that, until the contrary is shown, an established circumstance (as distinguished from a single occurrence) continues to exist. In the context at bar, the existence of "public convenience and necessity", a prerequisite to the issuance of a certificate, Code § 56-338.11, is such a circumstance. Under the rule in *Park Bros.*, that circumstance is presumed to continue until the contrary is shown. Proof of termination of operations authorized by a certificate does not negate the presumption, when, as here, the termination results from causes unrelated to the existence of public convenience and necessity. In such a case, the more logical conclusion is that the public convenience and necessity evidenced by the certificate is no longer being fully served. That conclusion tends to justify transfer of the certificate to a carrier capable of providing the necessary service.

■ Cavalier further asserts that Diamond's discontinuance of service without the Commission's approval constituted a violation of the Commission's Rule 6, which provides that such discontinuance

"shall be deemed a forfeiture of all rights secured under and by virtue of the certificate". Such a violation, argues Cavalier, should deprive transfer applicants of the benefit of the presumption and burden of proof rule applied in *Park Bros.*

We agree with the Commission that "Rule 6 is not self-executing" and that to consider its application "in this certificate transfer case would...violate the notice requirements of Code § 56-338.12 and result in a denial of due process to the holder of the certificate." Diamond's certificate, therefore, remained eligible for transfer. And, since a violation of Rule 6 is irrelevant to the determination of the existence of public convenience and necessity, such a violation cannot defeat the presumption of continuance.

We hold that the Commission properly applied the presumption of continuance and the burden of proof rule expounded in *Park Bros.*, and its order will be affirmed.

*Affirmed.*