## CIRCUIT COURT OF HENRICO COUNTY

Thomas Yane

v.

Barbara Yane

February 11, 1987

Case No. 86-C-899

By JUDGE JAMES E. KULP

The court has received [a]. . . request. . . to reconsider the rejection of the [draft] decree in this matter. I have read the supplemental depositions, and the opinion of Judge Hughes in the case of *Doggett* v. *Doggett*, Case No. N-2080-1, dated March 19, 1986. With all due respect to Judge Hughes, I interpret the divorce statutes differently.

In this case the plaintiff seeks a divorce on the ground that he and the defendant have lived separate and apart without any cohabitation and without interruption for one year. *See* § 20-91(9)(a) of the Code of Virginia. The facts show that the parties are living in the same house and have been so living for the year period.

In my opinion the Legislature did not intend that a divorce could be granted on the ground of "separate and apart" when the parties live together in the same house. In *Colley* v. *Colley*, 204 Va. 225 (1963), the Supreme Court interpreted the word "cohabit", as it appears in the divorce venue statute, to mean "having dwelled together under the same roof with more or less permanency." 204 Va. at 228. *Accord Netzer* v. *Reynolds*, 231 Va. 444 (1986).

The general rule of statutory construction is that words used in the same act or statute should be given the same meaning unless the contrary should be made clear by other qualifying or explanatory terms. *See McDaniel v. Commonwealth*, 199 Va. 287 (1957). In my opinion the word "cohabitation" in § 20-91(9)(a) should be given the same meaning as the word "cohabited" as used in Section 20-96. These terms are both used in Chapter 6 of Title 20, and both are concerned with the same subject matter, *i.e.*, divorce.

The court recognizes that the Supreme Court has given the phrase "voluntarily cohabited", as used in Section 20-94, a different meaning than that being given by the court in this case. In *Tarr v. Tarr*, 184 Va. 443 (1945), the Supreme Court said the phrase "voluntarily cohabited" as used in § 5110 (now § 20-94) meant sexual intercourse. This was so because the Court recognized the general rule that a single voluntary act of sexual intercourse by the innocent spouse after knowledge of adultery is sufficient to constitute condonation. Therefore, in *Tarr*, the Supreme Court held that "as used in the statute [Voluntarily cohabited] should not be restricted to its literal meaning of having dwelled together under the same roof with more or less permanency." 184 Va. at 448.

In this court's opinion there is nothing in the statutes, case law, or legislative history to indicate that "cohabitation" as used in § 20-91(9)(a) should be given a meaning other than its literal meaning of having dwelled together under the same roof with more or less permanency.

*Chandler v. Chandler*, 132 Va. 418 (1922), relied upon by Judge Hughes, concerned a divorce upon the ground of desertion. In *Chandler* the Supreme Court had no occasion to consider the meaning of "cohabitation" as used in Section 20-91(9)(a), and I find *Chandler* inapposite to the issue presently before the court. It is one thing to say that desertion can occur where the parties live under the same roof, but in my opinion, quite another thing to say that living separate and apart without any cohabitation can occur where the parties live under the same roof. It seems to me to be a contradiction in terms to say parties are living separate and apart but are dwelling together under the same roof with more or less permanency.

For these reasons, I do not believe the court has authority to enter the decree based upon the facts existing in this case.