# Patricia L.W. Nash

## v.

# Donald C. Blessing

Record No. 930372

January 7, 1994

Present: All the Justices

*Thomas Wolf (David D. Hopper; Timothy H. Guare; Mezzullo & McCandlish,* on briefs), for appellant.

*R. Edwin Burnette, Jr. (James O. Watts, IV; Edmunds & Williams,* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider whether a joint obligee on a contract is a necessary party to a suit for breach of the contract when the joint obligee no longer has any right of action under the contract.

Howard Robert Nash and his wife, Patricia L.W. Nash, sued Donald C. Blessing, alleging breach of contract for legal representation and negligent legal representation by Blessing in connection with the purchases of several horses. Blessing filed a plea in bar invoking the statute of limitations. The trial court granted the plea as to Mr. Nash, but held that the statute had been tolled as to Mrs. Nash's claim by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501-591 (1988).

Blessing subsequently moved to dismiss, asserting that, since Mr. and Mrs. Nash were joint obligees of the contract, Mrs. Nash's cause of action was barred because Mr. Nash was a necessary party to her suit. The trial court, relying on *Mendenhall v. Cooper,* 239 Va. 71, 387 S.E.2d 468 (1990), agreed and dismissed the suit. We awarded Mrs. Nash an appeal, and for the reasons stated below we will reverse the judgment of the trial court.

Virginia recognizes the requirement that joint obligees to a single contract be joined as parties plaintiff in a single action to enforce the contract. *Carthrae v. Brown,* 30 Va. (3 Leigh) 98, 102 (1831). But, when there is a death "or some other sufficient excuse for not joining" all joint obligees, a suit by one obligee may proceed without joinder. *Strange v. Floyd,* 50 Va. (9 Gratt.) 474, 475 (1852).

This case began with both joint obligees as plaintiffs. It was Blessing's plea of the statute of limitations that resulted in a determination that one of the obligees, Mr. Nash, no longer had the right to pursue his cause of action on the contract, thereby eliminating him as a party plaintiff. Where a joint obligee no longer can assert any interest in the contract, it would be a meaningless act to require that obligee to be joined as a party plaintiff. To allow the claim to proceed without Mr. Nash as a party plaintiff in no way increases or alters the liability of Blessing under the contract and does not expose Blessing to a multiplicity of litigation. Furthermore, requiring joinder under these circumstances effectively defeats a viable claim by the

remaining joint obligee. We conclude, therefore, that these circumstances constitute "sufficient excuse" to allow the case to proceed with Mrs. Nash as sole plaintiff without joinder of Mr. Nash.

█ Our decision in *Mendenhall,* relied on by the trial court, does not require a different result. *Mendenhall* was a suit to enforce a mechanic's lien. The mechanic's lienor failed to join as defendants certain parties who had an interest in the property subject to the lien. Enforcing the lien through foreclosure on the property could diminish or defeat the interests of the omitted defendants. Therefore, this Court held that the failure to join these parties under the circumstances deprived those with an interest in the property subject to the lien of their right and opportunity to defend their interests by challenging the validity of the lien itself. 239 Va. at 75, 387 S.E.2d at 470. Here, in contrast to the omitted parties in *Mendenhall,* Mr. Nash has no right in the contract at issue which he can assert against Blessing. Therefore, *Mendenhall* is inapposite.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*