COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


JAMES BRANDT AND
 GLORIA BRANDT
                                                            OPINION BY
v.        Record No. 0253-06-4              JUDGE JAMES W. HALEY, JR.
                                                            AUGUST 1, 2006
MAHA LAKSHMI MOTORS, INC. T/A
 CELEBRATION CHEVROLET AND
 VIRGINIA MOTOR VEHICLE DEALER BOARD


               FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                         H. Harrison Braxton, Jr., Judge

        Thomas R. Breeden (Thomas R. Breeden, P.C., on brief), for
        appellants.

        No brief or argument for appellee Maha Lakshmi Motors, Inc.

        Eric K. G. Fiske, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee Virginia
        Motor Vehicle Dealer Board.


        James and Gloria Brandt (appellants) appeal a circuit court decision upholding a ruling of

the Virginia Motor Vehicle Dealer Board (the Board) that limited their recovery from the Virginia

Motor Vehicle Transaction Recovery Fund (the Fund) to $20,000.  Finding no error, we affirm.

                                            I.

                              Introduction and Facts

        Code §§ 46.2-1527.1 through 46.2-1527.8, entitled "the Motor Vehicle Transaction

Recovery Fund," state in part as here relevant:

              § 46.2-1527.3.  Recovery from Fund, generally. — Except as
              otherwise provided in this chapter, whenever any person is
              awarded a final judgment in a court of competent jurisdiction in
              the Commonwealth for (i) any loss or damage in connection with

the purchase or lease of a motor vehicle by reason of any fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer . . . , the judgment creditor may file a verified claim with the Board requesting payment from the Fund of the amount unpaid on the judgment. . . .

\*        \*        \*        \*        \*        \*        \*

§ 46.2-1527.5.  Limitations on recovery from Fund. — The maximum claim of one judgment creditor against the Fund based on an unpaid final judgment arising out of any loss or damage by reason of a claim submitted under § 46.2-1527.2 or § 46.2-1527.3 involving a single transaction, shall be limited to $20,000, regardless of the amount of the unpaid final judgment of one judgment creditor.

The aggregate of claims against the Fund based on unpaid final judgments arising out of any loss or damage by reason of a claim submitted under § 46.2-1527.3 involving more than one transaction shall be limited to $100,000, regardless of the total amounts of the unpaid final judgments of judgment creditors.

However, aggregate claims against the Fund under § 46.2-1527.2 shall be limited to $75,000 and then only after the dealer's $25,000 bond has been exhausted.

On June 22, 2004, as the result of a trial involving a single fraudulent transaction, one covered by the Fund, the United States District Court for the Eastern District of Virginia "ORDERED that *Judgment* is hereby entered for plaintiffs, *James and Gloria Brandt*, and against defendant, Maha Lakshmi Motors . . . and damages are awarded in the amount of $84,000 . . . ."  (Emphasis added).  Their award was $84,000 in compensatory damages and $289,125 in punitive damages against Celebration Chevrolet, $17,500 in compensatory damages against Nations Auto Loan Center, and $63,906.56 in attorneys' fees.  This award resulted, in part, from proof of fraud during appellants' purchase of a 1993 Toyota Camry.

Appellants received $25,000 in compensation from Celebration Chevrolet's surety and $17,500 from Nations Auto Loan Center's surety[1] (constituting complete compensation as to the

_____

[1] As a condition of obtaining a license, each dealer is required to post a surety bond in the amount of $25,000 for covered transactions.  As a result of these bonds, appellants have already collected $42,500 on their judgment from a car they purchased for $7,008.17.

latter).  As a consequence, the unsatisfied portion of the compensatory award against Celebration Chevrolet is $59,000.[2]

In February 2005, appellants submitted a claim to the Board pursuant to Code § 46.2-1527.3 for $40,000 from the Fund, constituting $20,000 for each of them.  The Board, which administers the Fund, authorized only $20,000 in recovery for appellants jointly.  Appellants appealed the Board's ruling to the circuit court under the Administrative Process Act.  See Code § 2.2-4026.  By letter opinion dated November 28, 2005, the circuit court concluded that appellants constituted one judgment creditor entitled to only one recovery of $20,000 from the Fund.  This appeal followed.

The question here for resolution, then, is whether, for purposes of recovery from the Fund, appellants are entitled to one recovery, or two separate recoveries.  Applying the principles of statutory construction, we hold that they are entitled to one recovery.

II.

Analysis

We note that "when, as here, the question involves a statutory interpretation issue, 'little deference is required to be accorded the agency decision' because the issue falls outside the agency's specialized competence."  Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988)).  "Pure statutory interpretation is the prerogative of the judiciary."  Id.  We, therefore, review the decision of the circuit court *de novo*.

Appellants contend the circuit court erred in ruling that Code § 46.2-1527.5 limits them to one recovery of $20,000 from the Fund.  Their contention is that each judgment creditor is

---

[2] Attorneys' fees are also recoverable from the Fund, subject to the statutory limitation on an award.  See Motor Vehicle Dealer Bd. v. Morgan, 38 Va. App. 665, 568 S.E.2d 378 (2002).

entitled to a claim for $20,000 and that they each constitute a separate judgment creditor.  We disagree.

Code § 46.2-1527.5 establishes two different limits on claims against the Fund.  The first portion of the statute limits the "claim of one judgment creditor . . . involving a single transaction" to $20,000, and the second portion limits "[t]he aggregate of claims . . . involving more than one transaction" to $100,000 (with the Fund's payout limited to $75,000 after exhausting the dealer's bond).  In interpreting a statute, "[w]e must take the statute as we find it, gather the legislative intent from the words used and give effect to the purposes thus ascertained."  Van Geuder v. Commonwealth, 192 Va. 548, 554, 65 S.E.2d 565, 568 (1951).  The purpose of the limitations set forth in Code § 46.2-1527.5 is clear from the statutory language:  to provide a maximum recovery of $20,000 for one transaction and limit the total payout of the Fund for all claims against one dealer to $75,000.

Appellants' proposed reading of the statute goes directly against the statutory purpose and fails to give effect to all the words of the statute.  Under their interpretation, the Fund's payout would be defined by the number of parties involved in a single transaction rather than by the number of judgments and transactions involved.  Appellants' reading emphasizes only one element of the statutory scheme and effectively ignores and discounts the other material elements that limit the intended recovery from the Fund.  Specifically, appellants' reading fails to acknowledge there is only one judgment in this case and only one transaction.

Such a reading is inconsistent with basic principles of statutory interpretation.  "A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary."  Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998).  When interpreting a statute, we must give every word some meaning where possible.  McLean Bank v. Nelson, 232 Va. 420, 427, 350 S.E.2d 651, 656

(1986). To that end, we must evaluate each word within "the entire phrase of which it is a part." Kohlberg v. Va. Real Estate Comm., 212 Va. 237, 239, 183 S.E.2d 170, 172 (1971).

Appellants in this case purchased one car together in a single transaction and obtained a judgment together in the lawsuit. As parties involved in a single transaction who were awarded one judgment, they constitute one judgment creditor under Code § 46.2-1527.5 and are limited to a single recovery of $20,000 from the Fund. As the statute makes plain, in order to be awarded multiple recoveries from the Fund, there must be "more than one transaction," and more than one judgment. The decision of the circuit court, therefore, is affirmed.

Affirmed.