COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia

EARL McCATTY

v. Record No. 0585-07-2

MEMORANDUM OPINION* BY
JUDGE RUDOLPH BUMGARDNER, III
JANUARY 15, 2008

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF PROFESSIONAL AND
OCCUPATIONAL REGULATION,
BOARD FOR CONTRACTORS AND
ISAYAH BINYAH ISRAYL t/a
IBI CONSTRUCTION CO.

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Robert L. Isaacs for appellant.

Steven P. Jack, Assistant Attorney General (Robert F. McDonnell, Attorney General; James W. Hopper, Senior Assistant Attorney General; Eric A. Gregory, Assistant Attorney General, on brief), for appellee Commonwealth of Virginia, Department of Professional and Occupational Regulation, Board for Contractors.

No brief or argument for appellee Isayah Binyah Israyl t/a IBI Construction Co.

Earl McCatty appeals the dismissal of his appeal from the denial of his claim by the Board for Contractors under the Virginia Contractor Transaction Recovery Act. Finding no error, we affirm.

Earl and Frances McCatty owned residential real estate as tenants by the entirety. They executed a contract with Isayah Binyah Israyl t/a IBI Construction Company, for $24,000 in improvements to their property. They paid $8,000 at the commencement of work, an additional

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$23,000 later, and also purchased over $2,800 of materials themselves. Israyl never completed the work.

The McCattys filed a suit for breach of contract and fraud. They obtained a default judgment for fraud. The trial court awarded $34,823.75 in compensatory damages, $104,471.25 in punitive damages, $375 in costs, and $1,732.50 in attorney's fees. Israyl paid the McCattys $140, but otherwise indicated he had no assets.

The Virginia Contractor Transaction Recovery Act, Code §§ 54.1-1118 through 54.1-1127, establishes a fund for recovery of unpaid judgments against licensed contractors for improper or dishonest conduct. Earl McCatty filed a claim with the Department of Professional and Occupational Regulation.[1] Frances McCatty filed a duplicate claim on the same date.

The Board conducted an informal fact finding conference on the claims. The presiding Board member recommended a $20,000 payment for Frances McCatty's claim, but recommended denial of Earl McCatty's claim. The full Board adopted the recommendations, paid Frances McCatty's claim in full, and denied Earl McCatty's claim.

Earl McCatty appealed to the circuit court. The trial court found the repairs were performed on one piece of property owned by both parties and held the intent of the statute "does not support multiple recoveries." The trial court dismissed McCatty's appeal and affirmed the Board's final opinion and order.

"[W]hen, as here, the question involves a statutory interpretation issue, 'little deference is required to be accorded the agency decision' because the issue falls outside the agency's specialized competence . . . [and] pure statutory interpretation is the prerogative of the judiciary."

[1] At the time, the maximum amount allowed for a single transaction was $10,000. In 2005, Code § 54.1-1123(A) was amended to increase the maximum claim for a single transaction to $20,000.

Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988)).

Code § 54.1-1120(A) provides in part:

> Whenever any person is awarded a judgment in a court of competent jurisdiction in the Commonwealth of Virginia against any individual or entity which involves improper or dishonest conduct occurring (i) during a period when such individual or entity was a regulant and (ii) in connection with a transaction involving contracting, the claimant may file a verified claim with the Director to obtain a directive ordering payment from the Fund of the amount unpaid upon the judgment . . . .

Code § 54.1-1120(A)(4) states: "The claimant shall be (i) an individual whose contract with the regulant involved contracting for the claimant's residence(s) . . . ." A claimant is "any person with an unsatisfied judgment involving residential construction against a regulant, who has filed a verified claim under this Act." Code § 54.1-1118.

Code § 54.1-1123(A) limits the amount of recovery from the Fund in connection with a single transaction. "The maximum claim of one claimant against the Fund based upon an unpaid judgment arising out of the improper or dishonest conduct of one regulant in connection with a single transaction involving contracting, is limited to $20,000, regardless of the amount of the unpaid judgment of the claimant."

McCatty argues that, although he and his wife jointly filed the lawsuit and obtained judgment against Israyl based upon a single transaction, they are separate persons and, therefore, are separate "claimants" under the Act. He contends that he and his wife should have been allowed to recover two claims from the Fund.

We considered a similar issue under the Motor Vehicle Recovery Fund, Code §§ 46.2-1527.1 through 46.2-1527.8, in Brandt v. Maha Lakshmi Motors, Inc., 48 Va. App. 493, 632 S.E.2d 628 (2006). The question in that case was whether a husband and wife, who together

purchased an automobile and together obtained one judgment, were entitled to one recovery or two separate recoveries under the Motor Vehicle Recovery Fund.[2]

Code § 46.2-1527.5 established two limits on claims against the Motor Vehicle Recovery Fund. "The first portion of the statute limited the 'claim of one judgment creditor . . . involving a single transaction' to $20,000, and the second portion limited '[t]he aggregate of claims . . . involving more than one transaction' to $100,000 (with the Fund's payout limited to $75,000 after exhausting the dealer's bond)." Brandt, 48 Va. App. at 497, 632 S.E.2d at 631. We found that "[t]he purpose of the limitations set forth in Code § 46.2-1527.5 is clear from the statutory language: to provide a maximum recovery of $20,000 for one transaction and limit the total payout of the Fund for all claims against one dealer to $75,000." Id. In our analysis we stated that, under the appellants' interpretation of the statute,

> the Fund's payout would be defined by the number of parties involved in a single transaction rather than by the number of judgments and transactions involved. Appellants' reading emphasizes only one element of the statutory scheme and effectively ignores and discounts the other material elements that limit the intended recovery from the Fund. Specifically, appellants' reading fails to acknowledge there is only one judgment in this case and only one transaction.

Id. at 497-98, 632 S.E.2d at 631.

Therefore, we concluded:

> Appellants in this case purchased one car together in a single transaction and obtained a judgment together in the lawsuit. As parties involved in a single transaction who were awarded one judgment, they constitute one judgment creditor under Code

[2] Code § 46.2-1527.3 provides in part:

> [W]henever any person is awarded a final judgment in a court of competent jurisdiction in the Commonwealth for [loss or damage related with the purchase or lease of a motor vehicle], the judgment creditor may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment . . . .

> § 46.2-1527.5 and are limited to a single recovery of $20,000 from the Fund. As the statute makes plain, in order to be awarded multiple recoveries from the Fund, there must be "more than one transaction," and more than one judgment.

Id. at 498, 632 S.E.2d at 631.

The same analysis applies in this case. The McCattys had one contract involving a single transaction with the regulant. Together they obtained one judgment in a single lawsuit arising out of Israyl's improper or dishonest conduct. As joint obligees, they had to join in bringing a single action against Israyl. "Virginia recognizes the requirement that joint obligees to a single contract be joined as parties plaintiff in a single action to enforce the contract." Nash v. Blessing, 247 Va. 95, 96, 439 S.E.2d 393, 394 (1994) (citing Carthrae v. Brown, 30 Va. (3 Leigh) 98, 102 (1831)).

If the McCattys had successfully collected from Israyl, they each would not have collected the full amount of the judgment from him.

> [W]here there is but one duty covenanted to be performed to two or more, they have a joint interest and but one action, otherwise, the defendant would be vexed with two or more suits for one thing, and the court would not know for whom judgment should be pronounced.

Carthrae, 30 Va. (3 Leigh) at 101.

The McCattys could receive only a single recovery. The Act affords a supplemental remedy to that offered at law. It is based on obtaining a judgment at law for improper or dishonest conduct. McCatty's argument would interpret the lesser administrative remedy to be more extensive than the primary legal remedy upon which it is based. He stresses that Code § 54.1-1123(A) refers to the "maximum claim of one claimant" when establishing the $20,000 limitation on a single claim. However, his argument focuses too narrowly on one portion of a subsection of the statute that limits claims against the Fund, Code § 54.1-1123.

In Code § 54.1-1123(A), the term "claim" is modified not only by the phrase "of one claimant" but also by the phrase "based upon an unpaid judgment . . . in connection with a single transaction." In Code § 54.1-1123(B), the term "claims" is modified by the phrase "from other transactions." Throughout Code § 54.1-1123, the term "claim(s)" is linked to the term "transaction(s)" and limited by it; "transaction" gives definition to the meaning of "claim."

"'A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary.' When interpreting a statute, we must give every word some meaning where possible." Brandt, 48 Va. App. at 498, 632 S.E.2d at 631 (citations omitted). To give full effect to the Act as a whole, the amount of a recovery from the Fund must be defined by the transaction and not by the fortuitous chance a single act of improper or dishonest conduct involved multiple, joint judgment creditors. The two claims filed by the McCattys involved one contract, one unpaid judgment, and a single transaction. They are limited to a single recovery of $20,000 from the Fund. As in Brandt, there is only one judgment in the case and only one transaction.

McCatty requests an award of "attorney's fees incurred to date." McCatty's appeal was dismissed with prejudice by the trial court. An award of attorney's fees is left to the sound discretion of the trial court. See, e.g., Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996). We cannot say the trial court abused its discretion by not awarding attorney's fees. Further, we hold that McCatty is not entitled to an award of attorney's fees and costs incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, we affirm the decision of the trial court.

Affirmed.