STUYVESANT INS. CO. v. JACKSONVILLE OIL MILL.

GLOBE & RUTGERS FIRE INS. CO. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

Nos. 4407, 4408.

Insurance ⬤⟾500—Policies of Insurance on use and occupancy of mill held open, and not valued; "not exceeding."

Policies of insurance on use and occupancy of mill, which fixed insurer's liability at "not exceeding" a certain amount per day, *held* open and not valued policies; "not exceeding" usually being a term of limitation only, denoting uncertainty of amount, which is chief characteristic distinguishing an open from a valued policy.]

[Ed. Note.—For other definitions, see Words and Phrases, Not Exceeding.]

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Two actions by the Jacksonville Oil Mill, one against the Stuyvesant Insurance Company, and the other against the Globe & Rutgers Fire Insurance Company, tried together. Judgment for plaintiff, and defendants separately bring error. Judgment reversed, and new trial ordered.

For opinion below, see 3 F.(2d) 1006.

Bruce Barnett, of Kansas City, Mo., and Hudges & Hughes, of Memphis, Tenn. (Allen Hughes, of Memphis, Tenn., on the brief), for plaintiffs in error.

Metcalf & Metcalf & Apperson, of Memphis, Tenn., and H. B. Houston, of Dallas, Tex. (Collins & Houston, of Dallas, Tex., on the brief), for defendant in error.

Before DONAHUE and MOORMAN, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. These two cases were tried together in the court below and have been heard together in this court. Each of the insurance companies (plaintiffs in error) issued and delivered to the Jacksonville Oil Mill (defendant in error) a policy insuring it against loss by fire of the use and occupancy of a cotton seed oil mill at Jacksonville, Tex., for a term expiring March 31, 1922. The two policies are alike, except as to the amount of insurance and the premium paid; one being for an amount not exceeding $10,000 and the other for an amount not exceeding $13,400. The material provisions of the policies are as follows:

"The Stuyvesant Insurance Company (the Globe & Rutgers Fire Insurance Company) in consideration of the stipulations herein named and of $155.50 ($208.37) premium does insure Jacksonville Oil Mill for the term of one year from the 15th day of August, 1922, at noon, to the 15th day of August, 1923, at noon, against all direct loss or damage by fire as hereinafter provided, to an amount not exceeding ten thousand dollars, to the following described property: $23,400 on the use and occupancy (including fixed charges) of all of their buildings and machinery used or for use in their business and manufacturing the products of cotton seed, * * * situate at or near Jacksonville, Texas.

"It is a condition of this contract that, if the above described buildings and machinery, or either of them, or any part thereof,

shall be destroyed or damaged by fire or lightning occurring during the term of this policy, so that the assured is entirely prevented from operating, this company shall be liable for not exceeding one hundred fifty dollars ($150) for each and every working day of any year between and including October 1st to March 1st from the date of said destruction or damage to the date when, with reasonable diligence, said building or buildings can be repaired or rebuilt, and the machinery thereof be repaired or replaced therein, as such property existed before the said destruction or damage. But if, as a result of said destruction or damage, the production capacity of the plant be only diminished, then shall the assured's loss per diem be estimated as that proportion of not exceeding $150 in which the assured's daily capacity is diminished for each and every working day of any year between and including the date above mentioned, from the date of said destruction or damage to the date when, with reasonable diligence, said building or buildings can be repaired or rebuilt, and the machinery thereof be repaired or replaced therein as such property existed before the said destruction or damage.

"It is understood that no claim for loss shall be made under this policy because of cessation of operations of the within described premises between dates of April 1st, and September 30th for any cause whatsoever.

"It is understood that for the purpose of this insurance all days are to be considered working days, excepting Sundays, and that this company's liability for loss and payment for days between and including the dates above mentioned is not limited by the expiration of this policy, but that this company is liable, in accordance with the conditions and stipulations above, for total or partial loss of use and occupancy for all working days between and including the dates above mentioned, providing said total or partial loss is caused by destruction or damage by fire or lightning occurring within the term of this policy. Other insurance permitted without notice until required.

"This policy covers pro rata of each of the above amounts and aggregates $10,000 ($13,400).

"This policy is made and accepted subject to the foregoing stipulations and conditions."

On October 16, 1922, the oil mill properties described in the policies were totally destroyed by fire, and the insured was completely deprived of the use and occupancy thereof during the entire period of 143 working days covered by the policies. Upon the refusal of the insurance companies to pay the amounts claimed to be due upon the policies, these suits were brought. At the trial evidence was introduced by both parties as to the value of the use and occupancy of the mill during the period from the date of the fire to the expiration of the policy. At the conclusion of the evidence, the trial judge ruled that the policies were valued policies and, in each case, directed a verdict for the plaintiff for the full amount claimed.

The controlling question here presented is whether these policies, when correctly construed, are open or valued policies. Insurance on "use and occupancy" is of comparatively recent origin, and has not been extensively developed. It is also true that, owing either to statutory requirements in force in several of the states or to the little difficulty usually experienced in expressing accurately in that respect the intention of the contracting parties, the courts have seldom been called upon to consider or to define the differences between open and valued insurance policies. Consequently there are few helpful precedents to be found in the books. The leading cases cited and relied upon by defendant in error to sustain the judgment in its favor are: Michael v. Prussian National Insurance Co., 171 N. Y. 25, 63 N. E. 810; Tannebaum v. Freundlick, 39 Misc. Rep. 819, 81 N. Y. S. 292; Tannebaum v. Simon, 40 Misc. Rep. 174, 81 N. Y. S. 655; Wilson & Toomer Fertilizer Co. v. Automobile Insurance Co. (D. C.) 283 F. 507; Lite v. Firemen's Insurance Co., 119 App. Div. 410, 104 N. Y. S. 434; St. Paul Fire & Marine Insurance Co. v. Pipkin (Tex. Civ. App.) 207 S. W. 360; Fidelity Union Fire Insurance Co v. Mitchell (Tex. Civ. App.) 249 S. W. 536. Of these cases, it is sufficient to say that none of them, in its facts and surrounding conditions so closely resembles the present case as to furnish much assistance in determining whether the insurance policies here under consideration are valued policies. In each of the cited cases wherein the policy there involved was held to be valued, the amount of the liability of the insurance company was either definitely fixed or required merely a mathematical computation for its determination.

An examination of the contract of insurance here in controversy, both as a whole and in its several parts, leads directly to the conclusion that the parties contemplated

and intended an open rather than a valued policy. Any other construction does violence to the plain and unambiguous language employed. The term "not exceeding" is of frequent use, and, in the absence of qualification, is usually, if not always, one of limitation only. These words, when found in an insurance policy as a part of the statment of the amount of insurance, necessarily mean that the liability of the insurer shall not be more, but may be less, than the amount stated. In other words, the term "not exceeding" in a policy of insurance denotes that uncertainty of amount which is the chief characteristic distinguishing an open from a valued policy. Cooley's Briefs on the Law of Insurance, vol. 1, p. 823.

In the policy here under consideration the parties have expressed with unusual emphasis their intention not to fix definitely the value of the thing insured and the consequent liability of the insurer. The amount of insurance is referred to three times, and in each instance is preceded by the words "not exceeding." The gross amount of insurance is stated to be "not exceeding $10,000" ($13,-400); in case of total loss the per diem liability of the insurance company is fixed at "not exceeding $150"; and in case of partial destruction of the plant the per diem loss is "to be estimated as that proportion of not exceeding $150 in which the assured's daily capacity is diminished." The words "not exceeding," in connection with the statement of the gross or maximum amount of insurance, is common to both open and valued policies, and hence has no special significance; but the construction of the policy for which defendant in error contends, and which was adopted by the trial court, requires the elision of such words from those parts of the instrument which set forth the conditions and extent of the insurer's liability. This cannot be done without running counter to the plainly expressed intention of the parties. The value of the use and occupancy of the insured premises during the period from the date of the fire to the 1st day of April of the following year constituted the actual loss suffered by the insured, for which, under the provisions of the contract, the insurers were liable, provided such actual loss did not exceed $150 per day for each and every working day during that period. Subject to this limitation, the amount of such loss should have been left to the jury to determine.

The judgment is reversed, and a new trial ordered.