# Richmond

GEORGE ROHANNA, ET AL. V. COMMONWEALTH OF VIRGINIA.

March 11, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*Nathaniel T. Green* and *W. W. Venable*, for the plaintiffs in error.

*Abram P. Staples, Attorney-General,* and *Ralph H. Ferrell, Jr., Special Assistant,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

On April 23, 1935, George Rohanna was convicted by the police justice of the city of Norfolk on a peace warrant and ordered to give a bond in the sum of $1,000, conditioned on his good behavior for "twelve months" from that date.

Having appealed from this judgment to the Corporation Court of the city of Norfolk, Number Two, Rohanna demanded and was granted a trial by a jury, which, on May 31, 1935, brought in a verdict finding him guilty as charged in the warrant, and further finding "that he be required to enter into a recognizance in the penalty of $2,000, conditioned that he shall keep the peace and be of good behavior for the period of one year." A motion for a new trial was made and continued.

On June 8, 1935, the motion for a new trial was overruled, and there being some question in the mind of the court as to the right of the accused to demand a jury, the order contained a recital of an independent finding by the court on all the evidence conforming to the verdict. The judgment was that the accused should "enter into a recognizance in the penalty of $2,000, with surety, conditioned that he, the said George Rohanna, be of good behavior for the period of one year, from the 30th (*sic*) day of May, 1935, and that he be required to pay the costs of his prosecution."

In default of the execution of the required recognizance the accused was immediately remanded to jail, where he remained until October 7, 1935. On the latter date he was brought into court and the following order was entered on the court records: "Commonwealth *v.* George Rohanna.

"Threaten to Kill J. H. Montgomery—On warrant appealed from the Police Justice.

"George Rohanna, Johnson Court Apartment, who stands convicted of threaten to kill, with Charles Riddick, 1019 Barney Street, as surety, were each duly recognized in the penalty of $2,000, conditioned that the said George Rohanna shall be of good behavior for the period of one year from this date, pursuant to a judgment of this Court entered on the 30th day of May, 1935, (*sic*), the said bond to remain in full force until the period of one year shall have elapsed or until it is otherwise declared void by order of this Court."

In the latter part of June, 1936, the Commonwealth's attorney instituted *scire facias* proceedings to forfeit the recognizance on the ground that Rohanna had breached its conditions by misconduct committed on June 15, 1936. Upon proof of the allegations, but over the timely objections of Rohanna and his surety, the recognizance was forfeited and a judgment was entered awarding the Commonwealth an execution against Rohanna and the surety for the sum of $2,000.

To review this judgment this writ of error has been granted.

The petitioners contend that the order entered by the trial court on June 8, 1935, requiring of Rohanna a good behavior bond for the term of "one year from the 30th day of May, 1935," was a final judgment; that the alleged recognizance of October 7, 1935, was void in so far as it was conditioned on good behavior beyond ·the term fixed in such final judgment; and that, therefore, there was no liability on the recognizance for the acts alleged to have been committed by Rohanna on June 15, 1936.

It is conceded by both the petitioners and the Commonwealth that the entire subject of "peace bonds" is now regulated by statute in Virginia, and that the determination of the question here involved turns upon the proper interpretation of Code, sections 4789-4794, both inclusive.

By section 4789 power is given judicial officers and others to require persons not of good fame to give bonds for their good behavior "for a term not exceeding one year." This

statute supplies the necessary jurisdiction and places a limit on the time for which the bond should run.

Section 4790 authorizes a conservator of the peace, upon a written sworn complaint, to issue a warrant directing that the accused be apprehended and brought before him or some other conservator for trial.

Section 4791 deals with the trial by such conservator, who may either discharge the accused or require of him a recognizance for his good behavior. If the required recognizance be not given, the conservator is empowered to commit the accused "to jail by a warrant, stating the sum and time in and for which the recognizance is directed."

Section 4792 allows the person of whom such recognizance is required an appeal from the judgment of the conservator to the appropriate court of the county or city.

Section 4793 confers on the court to which the appeal is taken the power to dismiss the complaint or to affirm the judgment of the conservator. It also provides that "On any appeal the court may require of the appellant a new recognizance if it sees fit." On such appeal the case is heard *de novo*. *Read* v. *Commonwealth*, 24 Gratt. (65 Va.) 618, 620.

Under the authority of section 4793 the court heard Rohanna's appeal and entered a final judgment requiring of him "a new recognizance" in the penalty of $2,000, conditioned for his good behavior for the period of one year from May 30, 1935 (obviously intended for May 31, 1935, the date of the jury's verdict).

It needs no citation of authority to support the proposition that, in the absence of statute, after the end of the term at which the final judgment was entered the court below had no power or authority to alter such final judgment by requiring Rohanna to give a recognizance for an entirely different duration from that fixed by such final judgment.

But the Commonwealth contends that Code, section 4794, furnishes the necessary authority for the change. This section provides: "Any person committed to jail under this chapter may be discharged by the circuit court of the county or corporation court of the corporation on such terms as it may deem reasonable."

We do not think that the order of October 7, 1935, lengthening the term of Rohanna's bond was within the contemplation of this section. This statute is obviously intended for the benefit and not for the disadvantage of the accused. Its purpose is to permit the court to relieve the accused from too harsh a situation theretofore placed upon him. Certainly it was not intended, we think, to give the court authority to increase the punishment fixed by a final judgment.

To adopt the Commonwealth's interpretation of the statute would permit the trial court, by exacting successive bonds of the accused, to require him to insure his good behavior for an indefinite length of time. Furthermore, should the accused be unable to execute such successive bonds the trial court could keep him in prison indefinitely. It is impossible to reconcile any such interpretation of section 4794 with the plain language of section 4789, which fixes the limit of a good behavior bond at "a term not exceeding one year."

In the instant case the accused was entitled to his freedom whenever he was able to comply with the terms of the final judgment, that is, furnish a recognizance for his good behavior for the period of one year from May 30, 1935, and pay the costs of his prosecution. While the court had the right, of course, to insist that Rohanna comply with such terms, it could put on him no burden beyond this.

The Commonwealth next argues that even though the court may have been without authority to require a bond for a longer term than that fixed in the final judgment, yet since the accused did not object thereto he is estopped to deny its validity.

But there was nothing in the conduct of Rohanna in connection with the taking of the recognizance which makes it inequitable that he should deny its validity. The change in the term of the bond was not at the request of the accused or for his benefit, as was the case in *Collins* v. *Commonwealth*, 145 Va. 468, 134 S. E. 688, cited by the Attorney General.

Some suggestion is made that the principal and surety might be held on the recognizance as a common law obligation. But it is not sued on as such. This is a proceeding by *scire facias*, which is a statutory remedy to recover on a statutory

obligation. A common law obligation can not be enforced in such a manner.

On the whole our conclusion is that the alleged recognizance of October 7, 1935, was void in so far as it was conditioned on Rohanna's good behavior beyond the term fixed in the final judgment of June 8, 1935. It follows, therefore, that there was no liability under the recognizance for the acts of Rohanna alleged to have been committed on June 15, 1936.

The judgment complained of will be reversed and a final judgment will be entered here dismissing the proceeding.

*Reversed and final judgment.*