[Civ. No. 12761. Second Dist., Div. Two.—May 7, 1941.]

UNION LIQUORS, INC. (a Corporation), Respondent, v. FINKEL & LASAROW, INC. (a Corporation), Appellant.

Vincent A. Marco, Blase Bonpane and Marco & Bonpane for Appellant.

Max Fink and Ray Sandler for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the purchase price of certain fixtures and equipment sold to defendant pursuant to a written agreement, defendant appeals.

Viewing the evidence most favorably to plaintiff (respondent), the essential facts are:

September 15, 1938, plaintiff and defendant entered into an agreement reading in part as follows:

"III.

"It is agreed that Lessee will enter in and upon said premises hereinabove described in Division (a) and (b) hereof

and will erect fixtures and fittings and will install therein stock-in-trade consisting of alcoholic beverages, beers and wines, drug sundries and miscellaneous supplies and will operate, maintain and conduct the said business for a period of not to exceed sixty days from and after the date hereof.

## "IV.

"It is specifically agreed that on or before sixty days from and after the date hereof, Lessee will sell to Lessor or its assigns, and Lessor will purchase the said store fixtures and. incidental equipment and all of the said stock in trade consisting, among other things, of alcoholic beverages, beers and wines, drug sundries and miscellaneous supplies, from Lessee, at the actual cost thereof to Lessee; that is to say, that on or before sixty days from and after this date an inventory will be taken and Lessor will pay to Lessee the actual cost to Lessee of each and every and all items on hand in said store at said time; provided, however, that the total price to be paid by said Lessor for said fixtures, equipment, stock in trade and miscellaneous supplies shall not exceed the sum of Six Thousand Dollars ($6,000.00) and provided, further, that Lessor may reject from such items any damaged items, together with any part of said stock in trade which is not of a brand or type commonly sold in liquor and drug stores in Los Angeles County, California. Provided, however, that Lessee may remove stock in trade or miscellaneous supplies at will prior to such sale, and it is specifically understood that Lessee may remove such portions of such inventory as Lessee may desire to remove in order that the same may not exceed in all Six Thousand Dollars ($6,000.00) as hereinabove provided.

.   .   .   .   .   .   .   .   .   .   .   .   .

"It is specifically understood that until said sale is consummated and until Lessee is paid in full the sums herein provided to be paid by Lessor to Lessee, Lessee shall retain title to all fixtures, fittings, alcoholic beverages, beers and wines, drug sundries and miscellaneous supplies. . . .

## "VII.

"At the time of the aforementioned sale by Lessee to Lessor, said Lessee shall cause to be transferred to Lessor any and all liquor permits issued to Lessee in connection with the operation of the aforementioned business, insofar as Lessee shall have the power so to do. In this respect, Lessor agrees to

pay to Lessee the *pro-rata* cost of the unexpired portion thereof.

## "VIII.

"Without in any manner limiting the foregoing, and in addition to any and all sums hereinbefore provided to be paid, Lessor agrees to pay to Lessee interest to be computed at the rate of six per cent (6%) per annum for the time intervening from the date hereof to the date of the consummation of the said sale upon the total sum of Lessee's investment in fixtures, stock in trade and inventories, as will be reflected by the total amount of the sum which will be found to be due to Lessee at the time of the consummation of said sale."

Thereafter plaintiff went into possession of the leased premises and equipped a portion thereof as a liquor store, stocked it with alcoholic beverages, beers, wines, sundry drugs, etc., and opened the store for business and operated the same for a period.

The first part of November, 1938, plaintiff through its president asked the president of defendant corporation what he intended to do about the merchandise and fixtures in the store, to which defendant's president replied that he did not care what plaintiff did with them; that defendant had nothing to do with the business. At this time the store was fully stocked with merchandise, but defendant refused to receive an inventory of the stock or to discuss the matter further with plaintiff.

Thereafter plaintiff removed all of the merchandise and stock from the store but left the fixtures and equipment on the premises. It is for the value of the fixtures and equipment that the present action was instituted.

Defendant urges for reversal of the judgment the following propositions:

*First: Plaintiff failed to comply with the terms of the contract on its part to be performed.*

*Second: The trial court erred in dismissing defendant's cross-complaint for damages, since plaintiff had not performed the conditions of the contract upon its part to be performed.*

*Third: The contract between the parties did not give the plaintiff the right to remove the stock in trade from the store.*

*Fourth: The trial court erred in excluding evidence relative to the meaning of phrases in the agreement between the parties.*

*Fifth: Plaintiff has mistaken its remedy and should have sued for damages and not for the purchase price of the fixtures.*

■ Defendant's first and second propositions are untenable. Under the terms of the agreement between the parties plaintiff was required to open and equip on the leased premises a liquor and drug sundries store and to conduct the same for a period "not to exceed sixty days". There is ample evidence to sustain the court's finding that the plaintiff performed this obligation. Defendant's contention that, because plaintiff failed to operate the business for a full sixty days, plaintiff breached the contract, is devoid of merit, for there was no requirement in the contract that plaintiff operate the business for sixty days.

■ There is no merit in defendant's third proposition. After the president of defendant stated to the president of plaintiff that plaintiff could do what it wanted to with the merchandise and stock in trade which had been placed in the store on the leased premises, plaintiff disposed of the entire stock in trade. This was strictly within the rights of plaintiff under the contract, which provided in paragraph IV thereof that "Lessee may remove stock in trade or miscellaneous supplies at will prior" to the sale of the property to the defendant.

■ Defendant's fourth proposition is likewise untenable. The trial court excluded evidence offered by the defendant consisting of a letter and statements made by the parties prior to the execution of the written agreement, the material parts of which are set forth above. This ruling was correct. Where the language in an agreement is clear and explicit, as in the instant case, the intention of the parties is to be ascertained from the writing alone and extraneous evidence is inadmissible for the purpose of determining what the writing means (*First Bond & Mtg. Co.* v. *Malouf,* 37 Cal. App. (2d) 74, 80 [98 Pac. (2d) 824]).

■ Defendant's final proposition is also untenable. Where a contract to deliver property and render services has been performed and the purchaser fails to comply with the terms of the contract, the contract price is the measure of damages, as it accurately represents the extent of the vendor's loss (*Connell* v. *Higgins,* 170 Cal. 541, 549 [150 Pac. 769]; 8 Cal. Jur. (1922) 825, sec. 81). In the present case the contract

required plaintiff to perform certain services, such as opening and equipping the store on the leased premises and operating it for a period. This plaintiff did, and also delivered the fixtures and equipment to defendant when they were placed on the leased premises, in conformity with the provisions of the contract. By the terms of the contract defendant was to pay the price of the fixtures and equipment. Plaintiff having furnished the fixtures and equipment, the extent of plaintiff's loss was, according to the contract, the value of the fixtures and equipment, and section 3302 of the Civil Code was applicable to the facts of the instant case and not section 1784 of the same code.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.