COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


VIRGINIA EMPLOYMENT COMMISSION
                                              OPINION BY
v.         Record No. 1181-98-3     JUDGE JERE M. H. WILLIS, JR.
                                            JANUARY 19, 1999
HERBERT R. DAVENPORT


          FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                  Charles H. Smith, Jr., Judge

          James W. Osborne, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          briefs), for appellant.

          David L. Scyphers (Scyphers & Austin, P.C.,
          on brief), for appellee.



     The Virginia Employment Commission (the Commission) contends

that the trial court erred in awarding unemployment benefits to

Herbert R. Davenport.  We agree and reverse the judgment of the

trial court.

                    I.   BACKGROUND

     Learning that the plant at which he worked was scheduled to

close, Davenport filed for unemployment benefits, effective

September 17, 1995.  Pursuant to Code § 60.2-614, he listed as

his thirty-day employer Westinghouse Corporation, for which he

had worked from May 1, 1985 to September 15, 1995.  During this

term of employment, Davenport's work week consisted of five seven

and one-half hour days.  The Commission approved this claim and

awarded Davenport unemployment benefits for a benefit year that

ended September 14, 1996.  That claim and award are not at issue

in this appeal.

After the filing of his 1995 claim, Davenport was retained by Westinghouse as a temporary employee. His work week consisted of four nine and one-half hour days. From September 17, 1995, to the final closing of the plant on October 26, 1995, Davenport worked twenty-four such days.

After the plant finally closed, Davenport filed for unemployment benefits for a benefit year commencing September 15, 1996. He listed Westinghouse as his thirty-day employer and listed his employment term as April 12, 1991 to October 26, 1995. The employment term relevant to this claim's qualification under Code § 60.2-614 is the period from September 17, 1995 to October 26, 1995.

## II.  THE THIRTY-DAY REQUIREMENT

Code § 60.2-614, as in effect at the time of Davenport's claim, stated:

> No individual may receive benefits in a benefit year unless, subsequent to the beginning of the immediately preceding benefit year during which he received benefits, he performed service for an employer as defined in [Code] § 60.2-210 for remuneration during thirty days, whether or not such days were consecutive, and subsequently became totally or partially separated from such employment.[1]

(Emphasis added). The Commission denied Davenport's claim,

_____

[1] Code § 60.2-614 has since been amended to require working (i) during thirty days, whether or not such days were consecutive, or (ii) for 240 hours. That amendment does not affect this appeal.

- 2 -

ruling that he failed to satisfy the thirty-day work requirement. It held that the term "during thirty days" denoted not a period of time but a number of days. The trial court reversed the ruling of the Commission, holding

> [Davenport] did perform services for which he received remuneration while thirty days was going on, or over the course of thirty days, or throughout the duration of thirty days. . . . [T]hat is all the Code requires.

### III. ANALYSIS

Davenport contends that the term "during thirty days" denotes a time period, not a number of days. He argues that the Commission's interpretation of this term could produce unreasonable results. He notes that an employee who worked but a brief time on each of thirty days would thereby satisfy the Commission's interpretation. He notes further that a shift that began at 11:00 p.m. and ended 7:00 a.m. the following day would encompass two days under the Commission's interpretation. We note that under Davenport's interpretation, a brief period of work on the first and last days of any month except February would satisfy the statute. We perceive no need to indulge such speculations. Our task is to apply the statute as it is written, gleaning from its terms the legislative intent. If the application of the statute produces questionable results in particular cases, that is a matter of legislative, not judicial, concern.

"A primary rule of statutory construction is that courts

must look first to the language of the statute.  If a statute is clear and unambiguous, a court will give the statute its plain meaning."  Loudoun County Department of Social Services v. Etzold, 245 Va. 80, 84, 425 S.E.2d 800, 802 (1993).  The Commission properly interpreted the statute by following its plain meaning.  To be eligible for benefits, a claimant must have performed services for an employer for a minimum of thirty days during the relevant time period.  That the legislature intended the term "during thirty days" to define a number of days, not a period of time, is verified by the legislative inclusion of the clause "whether or not such days were consecutive."  Davenport worked only twenty-four days.  Thus, he did not satisfy the statutory requirement.

The Commission has consistently interpreted Code § 60.2-614 to require thirty days of service.  The Commission has given the same interpretation to Code § 60.2-618, which also contains the thirty-day requirement.  "It is well settled that where the construction of a statute has been uniform for many years in administrative practice, and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts."  Virginia Employment Commission v. Nunery, 24 Va. App. 617, 626, 484 S.E.2d 609, 614 (1997).

Noting that during his term of regular employment, he worked seven and one-half hour days, Davenport argues that the twenty-four nine and one-half hour days that he worked more than

equaled the commitment of time that would have been involved had he worked thirty seven and one-half hour days.  We find this argument unpersuasive.  The statute, as it applies to Davenport's claim, employs days, not hours, as units of computation. Furthermore, when the legislature chose, in the 1997 amendment, to employ an hourly criterion, it set the threshold at 240 hours.  Even were that amended standard applied to this case, the 228 hours worked by Davenport would be insufficient.

The judgment of the trial court is reversed, and the decision of the Commission is reinstated.

Reversed.
