PRESENT:   All the Justices

HARLAN ANTHONY PHELPS,
S/K/A HARLAN ANTHONY PHELPS, II

                                        OPINION BY
                              JUSTICE S. BERNARD GOODWYN
v.  Record No. 070399            January 11, 2008

COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal of a judgment from the Court of Appeals, we consider whether a defendant is "a person" as that term is used in Code § 46.2-817(B), a penal statute.

     The statute states in relevant part:

          B.  Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

     Harlan Anthony Phelps was tried upon an indictment charging him with a felony of eluding and endangerment in violation of Virginia Code § 46.2-817(B).  At trial, Phelps moved to strike the Commonwealth's evidence, claiming that his actions did not interfere with or endanger a law enforcement vehicle or endanger a person, as required by Code § 46.2-817(B).  Phelps was found guilty in a bench trial and sentenced to five years imprisonment, with two years suspended.  The Court of Appeals affirmed the conviction in a published opinion.  Phelps v.

Commonwealth, 49 Va. App. 265, 639 S.E.2d 689 (2007). Phelps appeals.

In the early morning hours of February 9, 2005, Officer J. Shadrix, of the James City County Police Department, was traveling in a patrol car behind Phelps' vehicle when Phelps committed a traffic infraction. Officer Shadrix activated his vehicle's emergency lights, but Phelps continued to travel at the posted speed limit of 35 miles per hour for about 100 yards. After Phelps failed to heed the visible emergency lights, the officer activated his vehicle's siren. Upon activation of the siren, Phelps' vehicle accelerated rapidly; Officer Shadrix followed. The officer was unsure of how fast the vehicles were traveling, but upon reaching a curve in the road, Phelps lost control of his vehicle, crossed the oncoming lane, and went into and traveled along a ditch on the left hand side of the road before striking a driveway culvert. His vehicle then overturned, landing upside down beside a telephone pole. Phelps crawled out of the vehicle and was apprehended a short time later.

The officer, traveling behind Phelps, was not endangered nor was the operation of his law enforcement vehicle interfered with or endangered. Although the incident occurred in a residential area, there were no other vehicles or pedestrians on or near the roadway when the accident occurred. Phelps argued

in the Court of Appeals, and argues in this Court, that the charge against him must be dismissed because his actions did not interfere with or endanger a law enforcement vehicle or any person.  He argues that the term "a person" used in Code § 46.2-817(B) does not include the defendant himself.

The construction of a statute is a question of law that we review de novo on appeal.  Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007); Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007); Dowling v. Rowan, 270 Va. 510, 519, 621 S.E.2d 397, 401 (2005).  When construing criminal statutes, "a court must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope."  Robinson, 274 Va. at 51, 645 S.E.2d at 473.

The primary objective of statutory construction is to determine legislative intent.  Melanson v. Commonwealth, 261 Va. 178, 183, 539 S.E.2d 433, 435 (2001); Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985).  In determining that intent, words are to be given their ordinary meaning, unless it is apparent that the legislative intent is otherwise.  Lovisi v. Commonwealth, 212 Va. 848, 850, 188 S.E.2d 206, 208 (1972); Spindel v. Jamison, 199 Va. 954, 957, 103 S.E.2d 205, 208 (1958); see Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007).

The ordinary meaning of the word "person" is "an individual human being . . . a human being as distinguished from an animal or thing." Webster's Third New International Dictionary 1686 (1993). "A" is an indefinite article "[u]sed as a function word before most singular nouns . . . when the individual in question is undetermined, unidentified, or unspecified." Id. at 1. The ordinary meaning of the word "a" means "any" or "each." Id.

Because the term "a person" means any individual human being, the term encompasses the entire universe of people, including the defendant. There is no authority for excluding the defendant from that universe. If the legislature had intended to exclude the defendant from the class of persons whose endangerment is prohibited by Code § 46.2-817(B), the legislature would have said so.*

---

* When the General Assembly intends that the conduct or harm be directed at or applied to another, it clearly knows how to express that intent. See e.g., Code § 46.2-357(B)(2) (driving must endanger "the life, limb, or property of another"); Code § 46.2-865.1(A) (defendant is liable under the statute when he: "1. Causes serious bodily injury to another person who is not involved [in reckless driving during a vehicular race]; or 2. Causes the death of another person"); Code § 46.2-868.1(A)(ii) (defendant is guilty of aggressive driving if he is "a hazard to another person or commits an offense in clause (i) with the intent to harass, intimidate, injure or obstruct another person"). The legislature's use of "a person" rather than "another" is, therefore, highly probative of its intent to include the defendant within the protected class of § 46.2-817(B).

4

Phelps, after receiving visible and audible signals from a police officer, disregarded those emergency signals. Instead of stopping, he increased his vehicle's speed while the police officer continued to pursue him. Phelps' speed and driving, losing control of his vehicle, crossing over the oncoming lane of traffic, striking a ditch on the left-hand side of the road and overturning his vehicle, endangered Phelps' person. Therefore, we hold that Phelps is "a person" within the meaning of Code § 46.2-817(B) and his endangerment of himself was sufficient evidence to support his conviction under that statute.

Accordingly, we will affirm the judgment of the Court of Appeals.

<u>Affirmed</u>.